SCHOTT, Chief Judge,
dissenting:
When he was employed, plaintiff was given a copy of the employee handbook which included the policy regarding attendance. This required the employee who was unable to report to work, to notify his supervisor or if unavailable, the hotel operator, at least two hours before starting time of the reason for his absence and the time he expected to return. It further provided “absences of more than one day must be reported daily unless other arrangements have been made with your Supervisor.” Plaintiff acknowledged that this policy was explained to him in Spanish which was his native tongue and stated that he understood it. In fact the previous October he was given an official warning for being absent and failing to call.
The Administrative Law Judge made these findings of fact: His last day of work was January 19, 1988; he did not return to work on January 21 and he did not notify his supervisor. On Friday, January 22, he did not give notice of his absence but someone delivered a doctor’s note dated January 21 to the job site stating that plaintiff would be unable to return to work for one week. Marilyn Zanini, the Executive Steward tried to reach plaintiff without success on Monday, January 25. She did contact him on January 26 and told him to report to the personnel office. He did so on January 27 at which time he was suspended. After an investigation he was discharged effective January 19.
Plaintiff violated the same company rule he had recently violated and for which he was given a formal warning. He offered no evidence to excuse or even explain his failure to call in and say he could not report for duty. I agree with the Administrative Law Judge that his misconduct was such as to warrant disqualification of benefits. I would affirm the judgment of the trial court, the Board of Review, and the Administrative Law Judge.